ROGERS JOSEPH O'DONNELL
Roland Nikles (State Bar No. 131025)
rnikles@rjo.com
Lauren B. Kramer (State Bar No. 239821)
lkramer@rjo.com
311 California Street, 10th Floor
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Of Counsel:
ROETZEL & ANDRESS
Thomas L. Rosenberg
trosenberg@ralaw.com
Michael R. Traven
mtraven@ralaw.com
PNC Plaza Twelfth Floor 155 East Broad Street
Columbus, OH 43215
Telephone: 614.463.9770
Facsimile: 614.463.9792

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRESSER-RAND, COMPANY and D-R HOLDINGS (FRANCE), S.A.S., | Case No. 13 0371 |
| Plaintiffs, | **COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| RED\LINE INTERNATIONALE SPEDITION, GMBH; HAPAG LLOYD AG; SSA MARINE, INC.; and STARR INDEMNITY & LIABILITY COMPANY, | |
| Defendants. | |

Plaintiffs Dresser-Rand Company and D-R Holdings (France), S.A.S. allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Dresser-Rand Company is a New York General Partnership, with a principal place of business in Houston, Texas. Dresser-Rand Company is the assignee of the claims from Dresser-Rand GmbH that are pled in this Complaint.

Page 1

2. Plaintiff D-R Holdings (France), S.A.S. is a foreign corporation with its principal place of business in Le Havre, France.

3. Plaintiffs Dresser-Rand Company and D-R Holdings (France), S.A.S. will be collectively referenced as "Plaintiffs" unless otherwise indicated.

4. Defendant red\line Internationale Spedition, GmbH ("Red Line") is a foreign corporation with its principal place of business in Germany, but which is, upon information and belief, authorized to conduct business in the United States.

5. Defendant Hapag Lloyd AG is, upon information and belief, a foreign corporation with its principal place of business in Hamburg, Germany, with its principal place of business in the United States in Piscataway, New Jersey.

6. Defendant SSA Marine, Inc. ("SSA") is a corporation organized under the laws of the State of Washington with its principal place of business in Seattle, Washington.

7. Defendant Starr Indemnity & Liability Company ("Starr") is a Texas corporation with its principal place of business in New York, New York. Starr is an insurance company authorized to do business in many states, including California.

8. Defendants Red Line and Hapag Lloyd will be collectively referenced as the "Carrier Defendants" unless otherwise indicated.

9. Jurisdiction is conferred on this Court: (1) by the inherent admiralty nature of these claims, as defined in 28 U.S.C. § 1333, and Fed. R. Civ. P. 9(h); (2) by 28 U.S.C. § 1337, as this is an action arising under an Act of Congress regulating commerce, specifically, (a) the Harter Act, 46 App. U.S.C. § 190, et seq.; or (b) alternatively, the Carriage of Goods by Sea Act, 46 App. U.S.C. § 1300, et seq.; (3) diversity jurisdiction under 28 U.S.C. § 1332; and (4) by supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## INTRADISTRICT ASSIGNMENT

11. This case arose in Alameda County and, in accordance with Local Rule 3.2(c), the case should be assigned to the Oakland courthouse.

//

Complaint and Demand for Jury Trial, Case No.

## FACTS COMMON TO ALL ALLEGATIONS

12.     Plaintiffs entrusted a Synchronous Turbine Generator Set with associated equipment and accessories (collectively, "Cargo") to the Carrier Defendants for safe carriage and shipment from Bielefeld, Germany to its ultimate destination in Roseburg, Oregon, and delivery to the ultimate consignee of the Cargo, Douglas County Forest Products ("Douglas County"). One component of the Cargo, the generator, was built by Cummins, Inc. ("Cummins") at the direction of Plaintiffs for use by Douglas County (the "Damaged Cargo").

13.     The Cargo was the first shipment in connection with a contract between Plaintiffs and Douglas County for an Extraction Condensing Steam Turbine Generator Set. The cost to Douglas County for the Cargo was €760,000 (or just over $1 Million at the current conversion rate). The approximate cost of the Damaged Cargo was €204,000 (or approximately $275,000 at the current conversion rate).

14.     Plaintiffs made arrangements with Red Line to transport the Cargo from Bielefeld, Germany to Roseburg, Oregon, pursuant to Waybill No. 1112500112 ("Red Line Bill of Lading"), a true and correct copy of which is attached hereto as **Exhibit A**. Upon information and belief, the Cargo was delivered to Red Line in good order and condition.

15.     Upon information and belief, Red Line contracted with or otherwise arranged for the Cargo to be transported by sea freight from Hamburg, Germany to Oakland, California, aboard the German-flagged vessel, Ludwigshafen Express, a vessel that is owned, chartered, and/or operated by Hapag Lloyd (the "Vessel"). Hapag Lloyd agreed to transport the Cargo aboard the Vessel, and issued Express Cargo Bill/Sea Waybill No. HLCUHAM 111223848 ("Hapag Lloyd Bill of Lading"). A true and correct copy of the Hapag Lloyd Bill of Lading is attached hereto as **Exhibit B**.

16.     Upon information and belief, the Cargo was delivered to Hapag Lloyd in good order and condition.

//

//

Complaint and Demand for Jury Trial, Case No.

328377.1

17. The Cargo was placed by Hapag Lloyd and/or Red Line into several containers, one of which was a single, 40 ft. steel flat rack container bearing the number HLX 8691343. This container included the Damaged Cargo. This container weighed over 40,000 Kgs.

18. On or about December 29, 2011, the Cargo left Hamburg, Germany aboard the Vessel.

19. On or about January 28, 2012, the Vessel arrived at the Port of Oakland, California.

20. On or about January 30, 2012, the Cargo was unloaded from the Vessel by the Carrier Defendants and/or SSA at Hapag Lloyd's terminal at the Port of Oakland (the "Terminal"). Upon information and belief, SSA owns and/or otherwise operates the Terminal. Upon further information and belief, SSA acted as the agent for or on behalf of the Carrier Defendants.

21. The Carrier Defendants and/or SSA attempted to transfer the Cargo from a cart, known as a bomb cart, to an overland domestic truck, which would transport the Cargo from Oakland, California to the final destination in Roseburg, Oregon. During the unloading process, the Carrier Defendants and/or SSA dropped the Damaged Cargo from the slings of a crane to the ground, causing the Damaged Cargo to fall approximately 10 feet.

22. As a result of the fall, the Damaged Cargo was severely damaged. The damage was apparent.

23. On or about February 9, 2012, the Damaged Cargo was righted and placed on a flat-bed semi-tractor trailer, and shipped to Koffler Electrical Mechanical Apparatus Repair Company ("Koffler") in San Leandro, California for attempted repair.

24. Subsequently, Koffler attempted to effect repairs to the Damaged Cargo and the Damaged Cargo was shipped to Douglas County, but it was no longer suitable for its intended purpose. Consequently, Plaintiffs were required to provide Douglas County with a new turbine generator (the "Replacement").

//

//

1     25.    While the Replacement was being arranged by Plaintiffs, and to mitigate their

2  damages, Plaintiffs shipped the Damaged Cargo to Douglas County for installation and

3  temporary use until the Replacement could be shipped and installed by Plaintiffs.

4     26.    In or around June – August 2012, Plaintiffs purchased and shipped the

5  Replacement from Bielefeld, Germany to Douglas County in Roseburg, Oregon at no cost to

6  Douglas County.

7     27.    On or about September 21, 2012, following installation of the Replacement,

8  and in an additional effort to mitigate their damages, Plaintiffs agreed to sell the Damaged

9  Cargo to Douglas County for $70,000.

10     28.    Plaintiffs incurred significant costs for, inter alia, (1) attempting to repair the

11  Damaged Cargo, (2) shipping and installing the Damaged Cargo to Douglas County for

12  temporary use, and (3) purchasing, shipping, and installing the Replacement. As of January

13  17, 2013, the approximate value of such costs equaled approximately €273,455.82 (or

14  approximately $367,000 at the current conversion rate). Additional costs were incurred by

15  Plaintiffs, the approximate value of which will be determined at trial.

16     29.    Notice of claim and loss/damage has been provided to Defendants in writing,

17  but they have failed and refused to pay for the loss sustained by Plaintiffs.

18                     **COUNT I**

19     30.    Plaintiffs incorporate the allegations set forth in paragraphs 1 through 29 as if

20  fully restated here.

21     31.    The Damaged Cargo was delivered to the Carrier Defendants, who issued clean

22  Bills of Lading—the Red Line Bill of Lading was issued directly by Red Line to Plaintiffs;

23  the Hapag Lloyd Bill of Lading was issued by Hapag Lloyd for the benefit of Plaintiffs—

24  acknowledging receipt of the Damaged Cargo in good order and condition.

25     32.    During the unloading of the Damaged Cargo at the Port of Oakland, California,

26  but prior to delivery to its ultimate destination in Oregon, it was discovered that the Damaged

27  Cargo was not in like good order and condition as when the Carrier Defendants received the

28  Damaged Cargo, but was instead damaged, deteriorated in value, and/or unfit for sale or use.

Page 5

33. The Carrier Defendants had the duty as common carriers of goods to ensure safe transport and delivery of the Damaged Cargo.

34. The aforesaid damage to the Damaged Cargo was the result of breaches of the Carrier Defendants of their obligation as common carriers of goods.

35. As a direct and proximate result of said breaches, Plaintiffs have been damaged in an amount in excess of $367,000.

36. WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT II

37. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 36 as if fully restated here.

38. The Red Line Bill of Lading was issued directly by Red Line to Plaintiffs; the Hapag Lloyd Bill of Lading was issued by Hapag Lloyd for the benefit of Plaintiffs.

39. The aforesaid damage to the Damaged Cargo was the result of breaches by the Carrier Defendants of the lawful terms and conditions of the Bill(s) of Lading issued by them.

40. Plaintiffs complied with all obligations under the Bill(s) of Lading.

41. As a direct and proximate cause of said breaches by the Carrier Defendants, Plaintiffs have been damaged in an amount in excess of $367,000.

42. WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT III

43. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 42 as if fully restated here.

44. The Carrier Defendants and SSA owed a duty to Plaintiffs to exercise proper care in the handling, stowing, carrying and discharge of the Cargo. The aforesaid damage to the Damaged Cargo was caused by the negligence of the Carrier Defendants and/or SSA by:

    a.    failing to exercise due and proper care in the handling, stowing, carrying, and discharge of the Damaged Cargo;

    b.    failing to safeguard properly the Damaged Cargo and prevent damage to it while in the Carrier Defendants' and/or SSA's care and custody;

Complaint and Demand for Jury Trial, Case No.

1               c.      failing to use proper care under the circumstances;

2               d.      failing to deliver the Damaged Cargo in a timely manner; and

3               e.      other and further particulars which will be shown at the time of trial.

4      45.      As a direct and proximate cause of the Carrier Defendants' and/or SSA's

5 negligence and/or lack of due care, Plaintiffs have been damaged in an amount in excess of

6 $367,000.

7      46.      WHEREFORE, Plaintiffs pray for judgment as set forth below.

8 **COUNT IV**

9      47.      Plaintiffs incorporate the allegations set forth in paragraphs 1 through 46 as if

10 fully restated here.

11      48.      Plaintiffs purchased a policy of insurance (the "Policy") from Starr to insure

12 the Cargo against, inter alia, "all risks of physical loss or damage from any cause irrespective

13 of percentage." A true and correct copy of the Certificate of Insurance is attached as **Exhibit**

14 **C**.

15      49.      The Policy covers all losses sustained by Plaintiffs as a result of the

16 aforementioned damage to the Damaged Cargo.

17      50.      Starr has refused to compensate Plaintiffs for the full value of the losses they

18 have sustained, as required by the Policy. Starr's refusal constitutes a breach of the Policy.

19      51.      Plaintiffs have complied with all of their obligations under the Policy.

20      52.      As a direct and proximate result of Starr's breach of the Policy, Plaintiffs have

21 been damaged in an amount in excess of $367,000.

22      53.      WHEREFORE, Plaintiffs pray for judgment as set forth below.

23 **PRAYER**

24      1.      For damages in an amount to be proven at trial, but which are at least

25 $367,000;

26      2.      For costs of suit;

27      3.      For interest at the legal rate through the date of entry of judgment; and

28 //

Page 7

1    4.    For such other and further relief that the Court may deem just and proper.

2

3    Dated: January 25, 2013                    ROGERS JOSEPH O'DONNELL

4

5                                              By: _____

6                                                  ROLAND NIKLES

7                                              Attorneys for Plaintiffs Dresser-Rand Company
                                               and D-R Holdings (France), S.A.S.

8

9                                    **JURY DEMAND**

10    Now come Plaintiffs and hereby demand a jury to hear the within cause.

11

12   Dated: January 25, 2013                    ROGERS JOSEPH O'DONNELL

13

14                                             By: _____

15                                                 ROLAND NIKLES

16                                             Attorneys for Plaintiffs Dresser-Rand Company
                                               and D-R Holdings (France), S.A.S.

17

18

19

20

21

22

23

24

25

26

27

28

                                                                            Page 8

Exhibit A



red\line GROUP

*logistics for life*

red\line Spedition GmbH · Meierweg 1 · 32108 Bad Salzuflen

red\line International's Spedition GmbH
Postfach 4250, 32085 Bad Salzuflen
Meierweg 1, 32108 Bad Salzuflen

Dresser-Rand GmbH
Werk Bielefeld
Auf dem Esch 28
33819 Bielefeld

| Kontakt: | Michaela Bergmann |
| Telefon: | +49 (0)5222 9271-26 |
| E-Mail: | m.bergmann@red-line.biz |

**RECHNUNG KOPIE**

| | |
|---|---|
| Datum | 24.01.2012 |

Ihre Ref.   Frau Helke Rötger

| Rechnungsnummer: | 11311565 |
|---|---|
| Kundennummer: | 10068 |
| Unsere Position: | 1112500112 |

(Bitte bei Zahlung angeben)

Ihre USt.Id    DE120608565

Absender
Dresser-Rand GmbH
Auf dem Esch 28

Empfänger
Douglas County Forest Products
398 Del Rio Road

| Ets 29.12.2011 | Schiff LUDWIGSHAFEN EXPRE HAMBURG | Ladehafen | Löschhafen OAKLAND | Eta 21.01.2012 |
|---|---|---|---|---|

| Frankatur DAP WINCHESTER, OR 97470 | | MB/L Nr. | HB/L Nr. | |
|---|---|---|---|---|

| Markierung | Verpackung | Inhalt | Brutto (kg) | Vol. (cbm) |
|---|---|---|---|---|
| HLXU 457 466-8 Seal 0382675 | 1 40' H.C. 5 Kisten | 1 Unit Turbine Gener Set & Accessories Serial Number 21205 HS Code: 8502 3980 | 7.195,00 | |
| HLXU 869 134-3 Dresser-Rand Ref.: 21205-113185 | 1 40'Flat 2 Kisten | Equipment of the Tur -Generator Set, disa for the transport 'First Partial Shipm Set Serial Number 21 | 41.200,00 | |
| 21205-113185 Dresser-Rand Ref.: 21205-113185 | 2 Kisten | 1 Unit Turbine Gener Set Serial Number 21 | 4.750,00 | |

| | MwSt.-frei | MwSt.-pflichtig |
|---|---|---|
| Umfuhr/Frachtkosten ex Dresser, Blfd. zur DTG, Blfd. komplett für Zubehör sowie Turbine (Zeitraum 19.12.2011- 20.12.2011 komplett 17 Std. x EUR 75,00) | 1.275,00 | 1* |
| Frachtkosten ex DTG, Bielefeld nach Hamburg zum Packen auf FR (Turbinen) EUR 2150,00x1 + EUR 1450,00x1 inkl. Genehmigungen u. Polizeibegleitung | 3.600,00 | 1* |
| FOB Pauschale für die 1x40'HC Container (exkl.OTHC, inkl ISPS u. Beantragung der Zollfreigabe / Z-Nummer) | 690,00 | 1* |
| Staukosten der 2xFR (laschen, packen Zwischenbewegungen Leer-/Export- terminal sowie ISPS 20'/40'FR) | 2.680,00 | 1* |
| Seefracht bis CFR Oakland CY (USD9405,00/40'FR//USD6680,00/20'FR USD3085,00/40'HC Cont. = USD19.170,00 inkl.Zuschläge,OOG (Überbreite-/Höhe)etc ROE 0,787695) | 15.100,11 | 1* |

| Übertrag auf Seite | 2 | Zwischensumme | 23.345,11 |
|---|---|---|---|

Fon  +49 (0)5 22 / 92 71 0
Fax  +49 (0)5 22 / 92 71 11 Luftfracht
Fax  +49 (0)5 22 / 92 71 20 Seefracht
Fax  +49 (0)5 22 / 92 71 30 Buchhaltung
Fax  +49 (0)5 22 / 92 71 22 Import
Fax  +49 (0)5 22 / 92 71 33 Import

Commerzbank AG
Kto.-Nr. 341144400
BLZ 478 400 51
BIC COBADEFF437
IBAN: DE88 4784 0051 0341 1444 00

Sparkasse Detmold
Kto.-Nr. 350206
BLZ 476 501 30
BIC SPA/DE3L/AD63L
IBAN: DE30 4765 0130 0000 3502 06

HRB 2019 Lemgo
Geschäftsführer: Björn Köbach
Wir arbeiten auf Grund der ADSp,
neueste Fassung und haben
den SLVS-PLUS geschl'ossen.

Die Versicherungsbedingungen
stehen auf Wunsch zur Verfügung.
Ihre Daten werden per EDV gespeichert.
(BGDG §§ 26,34)
USt-ID-Nr. DE 811 481 595

www.red-line.biz

   

red\line Spedition GmbH · Meierweg 1 · 32108 Bad Salzuflen

Dresser-Rand GmbH
Werk Bielefeld
Auf dem Esch 28
33619 Bielefeld

**red\line** *GROUP*

*logistics for life*

**RECHNUNG KOPIE**

red\line Internationale Spedition GmbH
Postfach 4250, 32095 Bad Salzuflen
Meierweg 1, 32108 Bad Salzuflen

**Seite 2**

| Datum | 24.01.2012 |
|---|---|

| Rechnungsnummer: | 11311565 |
|---|---|
| Kundennummer: | 10068 |
| Unsere Position: | 1112500112 |
| | (Bitte bei Zahlung angeben) |

| | MwSt.-frei | MwSt.-pflichtig |
|---|---|---|
| Übertrag: | 23.345,11 | |

'Heavy Lift Charge', wie telefonisch
avisiert im Hafen Oakland für intaktes
Löschen der FR sowie Hafenkosten
(USD 6200,00 I)

| | | |
|---|---|---|
| | 4.883,71 | 1* |

| MwSt.-frei | | 28.228,82 |
|---|---|---|
| MwSt.-pflichtig | | 0,00 |

| **Rechnungsbetrag** | **EUR** | **28.228,82** |
|---|---|---|

**1***    Die Leistung ist umsatzsteuerfrei nach § 4 Nr.3 UStG

Fon  +49 (52 22) 92 71 0
Fax  +49 (52 22) 92 71 11 Luftfracht
Fax  +49 (52 22) 92 71 20 Seefracht
Fax  +49 (52 22) 92 71 30 Buchhaltung
Fax  +49 (52 22) 92 71 33 Import

Commerzbank AG
Kto.-Nr. 341144400
BLZ 478 400 51
S.W.I.F.T.: COBADEFF477
IBAN: DE69 4784 0051 0341 1444 00

Sparkasse Detmold
Kto.-Nr. 350356
BLZ 476 501 30
S.W.I.F.T.: WELADE3L
IBAN: DE30 4765 0130 0000 3503 56

HRB 2078 Lemgo
Geschäftsführer: Rainer Kübach
Wir arbeiten auf Grund der ADSp.
neueste Fassung und haben
den SLVS-PLUS gezeichnet

Die Versicherungsbedingungen
stehen auf Wunsch zur Verfügung.
Ihre Daten werden per EDV gespeichert
(BDSG §§ 28,34)
USt.-Id-Nr. DE 811 491 585

www.red-line.biz

31640

**red\line** GROUP

*logistics for life*

EINGEGANGEN

03. Feb. 2012

Dresser-Rand GmbH
Werk Bielefeld
Auf dem Esch 28
33619 Bielefeld

| Kontakt: | Michaela Bergmann |
|---|---|
| Telefon: | +49 (0)5222 0271-26 |

E-Mail: m.bergmann@red-line.biz

Ihre Ref. Fr. Rötger

PO: 19669 FPO

Ihre USt.Id. DE120608565

**RECHNUNG**

| Datum | 02.02.2012 |
|---|---|

| Rechnungsnummer: | 11311566 |
|---|---|
| Kundennummer: | 10068 |
| Unsere Position: | 1112600112 |

(Bitte bei Zahlung angeben)

Absender
Dresser-Rand GmbH
Auf dem Esch 28

Empfänger
Douglas County Forest Products
398 Del Rio Road

| Eta | Schiff | Ladehafen | Löschhafen | Eta |
|---|---|---|---|---|
| 29.12.2011 | LUDWIGSHAFEN EXPRE | HAMBURG | OAKLAND | 21.01.2012 |

| Frankatur | MB/L Nr. | HB/L Nr. |
|---|---|---|
| DAP WINCHESTER, OR 97470 | | |

| Markierung | Verpackung | Inhalt | Brutto (kg) | Vol. (cbm) |
|---|---|---|---|---|
| HLXU 457 466-8<br>Seal 0382675 | 1 40' H.C.<br>5 Kisten | 1 Unit Turbine Gener<br>Set & Accessories<br>Serial Number 21205<br>HS Code: 8502 3980 | 7.195,00 | |
| HLXU 869 134-3<br>Dresser-Rand Ref.:<br>21205-113185 | 1 40'Flat<br>2 Kisten | Equipment of the Tur<br>-Generator Set, disa<br>for the transport<br>'First Partial Shipm<br>Set Serial Number 21 | 41.200,00 | |
| 21205-113185<br>Dresser-Rand Ref.:<br>21205-113185 | 2 Kisten | 1 Unit Turbine Gener<br>Set Serial Number 21 | 4.750,00 | |

| | | | MwSt.-frei | MwSt.-pflichtig |
|---|---|---|---|---|
| Nachlaufkosten (vorläufig) bis DAP/Door<br>Roseburg, OR lt.Beleg / Auslage<br>(USD 13055,00 / ROE 0,787895) | | | 10.283,36 | 1* |

| Datum | Rechnung geprüft | | Rechnung zur Zahlung freigegeben | |
|---|---|---|---|---|
| Ur It. prüft | | | | |
| Soll | Eintrag | Sollkonto | Freibenic im | Kostenstelle |
| | Haben | | FAB3 | |

| | MwSt.-frei | 10.283,36 |
|---|---|---|
| | MwSt.-pflichtig | 0,00 |

| Rechnungsbetrag | EUR | 10.283,36 |
|---|---|---|

1* Die Leistung ist umsatzsteuerfrei nach § 4 Nr.3 UStG

www.red-line.biz  HR

# red line Internationale Spedition GmbH



Exhibit B



# Importer Security Filing (10+2)

| | |
|---|---|
| **Sailing Date:** | December 29, 2011 |
| **MB/L No.:** | HLCUHAM111223848 |
| **AMS HB/L No.:** | HAMBL23848AA |
| **SCAC Code:** | HLCU |
| **PO#:** | Dresser-Rand Ref.: 21205-113185 |

| Manufacturer (or supplier) name and address: | Seller name and address: |
|---|---|
| (the name and address to report are of the entity that last manufactures, assembles, produces, or grows the commodity; if that is not known and cannot be determined through due diligence, or may not apply, then report the name and address of the supplier of the finished goods in the country from which the goods are leaving.)<br><br>Dresser Rand Gmbh<br>Auf dem Esch 28<br>D-33619 Bielefeld<br>Germany | Same as Supplier I |

| Buyer name and address: | Ship to name and address: |
|---|---|
| (the last known entity to whom the goods are sold or agreed to be sold; again if there is no sale, report the owner of the goods.)<br>Douglas County Forest Products<br>398 Del Rio Road<br>Roseburg, OR 97471<br>USA | (report the first deliver-to party scheduled to physically receive the goods after release from Customs' custody.)<br>Douglas County Forest Products<br>398 Del Rio Road<br>Winchester, OR 97470<br>USA |

| Container stuffing location: | Consolidator (stuffer) name and address: |
|---|---|
| (name and address of the physical location(s) where the goods were stuffed; for break bulk goods it is the physical location(s) where the goods were made shipment ready.)<br>HHLA Hamburger Hafen- und Logistik Aktiengesellschaft<br>Bu'Kel Halle 6<br>D-20457 Hamburg | (the party who stuffed the container or arranged for its stuffing; for break bulk goods, it is again the shipment ready party)<br><br>Same as Container stuffing location I |

| Country of Origin: Germany | Commodity / HS Code: 8502 3980 |
|---|---|
| (list the country of manufacture, production, or growth, based upon the import laws, rules and regulations of the U.S)<br><br><br><br>Vessel: 'Ludwigshafen Express'<br>Etd: Dec.29, 2011 (POL Hamburg)<br>Eta: Jan.21, 2012 (POD Oakland, CA) | ( required to the 6 digit level, but allowed to be reported to the 10 digit level; if multiple countries of origin, multiple manufacturers or multiple sellers are involved, provide HTS detail and country of origin per manufacturer or seller.) |

**Please Complete All Fields.**
**All Information Above Is Required By US Customs per ISF Regulations.**
**Return Form to Marisol International No Later than 72 Hours Prior to Sailing.**

| Carrier: Hapag-Lloyd Aktiengesellschaft, Hamburg | **Sea Waybill** | Multimodal Transport or Port to Port Shipment |

**Shipper:**
REDLINE INTERN. SPEDITION GMBH
MEIERWEG 1
D-32108 BAD SALZUFLEN
GERMANY

# ◢◣ Hapag-Lloyd

| Carrier's Reference: SWB-No.: | | Page: |
|---|---|---|
| 33528530 HLCUHAM111223848 | | 2 / 3 |

**Export References:**
1112500112

**Consignee:**
MARISOL INTERNATIONAL
9912 E. 56TH STREET NORTH
TULSA, OK 74117
USA

**Forwarding Agent:**

**Notify Address (Carrier not responsible for failure to notify):**
SAME AS CONSIGNEE !
ATTN.: RICHARD HESTING
PH.: 918-274-6688
FAX: 918-274-1050

**Consignee's Reference:**

**Place of Receipt:**
BIELEFELD CARRIERS CY

| Vessel(s): | Voyage-No.: | Place of Delivery: |
|---|---|---|
| LUDWIGSHAFEN EXPRESS | 16W51 | |

**Port of Loading:**
HAMBURG

**Port of Discharge:**
OAKLAND

| Container No., Seal No.; Marks and Nos. | Number and Kind of Packages; Description of Goods | Gross Weight | Measurement |
|---|---|---|---|
| TOLU 8110984<br>SEAL:<br>FLAT<br>MARKS & NOS:<br>DRESSER-RAND REF.<br>21205-113185 | 1 CONT. 20'X8'6" FLAT (COLLAPSIBLE)<br>2 CASES<br>EQUIPMENT OF THE TURBINE-<br>GENERATOR SET,<br>DISASSEMBLED FOR<br>THE TRANSPORT | SLAC*<br>4750,000<br>KGM | |
| HLXU 8691343<br>SEAL:<br>FLAT<br>MARKS & NOS:<br>DRESSER-RAND REF.<br>21205-113185 | 1 CONT. 40'X9'6" FLAT (COLLAPSIBLE)<br>2 CASES<br>EQUIPMENT OF THE TURBINE-<br>GENERATOR SET,<br>DISASSEMBLED FOR<br>THE TRANSPORT | SLAC*<br>41200,000<br>KGM | |

**Shipper's declared value (see clause 7(1) and 7(2))**

| Total No. of Containers received by the Carrier: | Packages received by the carrier |
|---|---|
| 3 | |

| Movement: | Currency: |
|---|---|
| FCL/FCL | |

| Charge | Rate | Basis | W/Vol/Val | P/O Amount |
|---|---|---|---|---|

Above Particulars as declared by Shipper. Without responsibility or warranty as to correctness by Carrier (see clause 11)

RECEIVED by the Carrier from the Shipper in apparent good order and condition (unless otherwise noted herein) the total number or quantity of Containers or other packages or units indicated in the box opposite entitled "Total No. of Containers or Packages received by the Carrier" for Carriage subject to all the terms and conditions hereof (INCLUDING THE TERMS AND CONDITIONS ON THE REVERSE HEREOF AND THE TERMS AND CONDITIONS OF THE CARRIER'S APPLICABLE TARIFF) from the Place of Receipt or the Port of Loading, whichever is applicable, to the Port of Discharge or the Place of Delivery, whichever is applicable. In accepting this Sea Waybill the Merchant expressly accepts and agrees to all its terms and conditions whether printed, stamped or written, or otherwise incorporated, notwithstanding the non-signing of this Sea Waybill by the Merchant.

**DRAFT**

**Place and date of issue:**
HAMBURG 29.DEC.2011

**Freight payable at**
ORIGIN

Hapag-Lloyd Aktiengesellschaft, Hamburg

 **Hapag-Lloyd**

Page 3 / 3

SWB-No. HLCUHAM111223848

----------------------------------------------------------------------

| Cont/Seals/Marks | Packages/Description of Goods | Weight | Measure |
|---|---|---|---|

HLXU   4574668
SEAL:
0382675
MARKS & NOS:
SEAL 0382675

1 CONT. 40'X9'6" HIGH CUBE CONT. SLAC*
5 CASES
EQUIPMENT OF THE TURBINE-
GENERATOR SET,
DISASSEMBLED FOR
THE TRANSPORT

7195,000
KGM

CUSTOMS TARIFF NO.8502 3980
TYPE B5S-3+B7S-5
'FIRST PARTIAL SHIPMENT'
DCFP REF.28700 DATED
JULY 18, 2011 / CONTRACT
AMENDMENT DATED DEC.19, 2011

*SLAC = Shipper's Load, Stow, Weight and Count

==============
53145,000
KGM

SHIPPED ON BOARD, DATE : 29.DEC.2011
PORT OF LOADING: HAMBURG
VESSEL NAME: LUDWIGSHAFEN EXPRESS, 16W51

SEAFREIGHT PREPAID



Exhibit C

ORIGINAL

ORIGINAL AND DUPLICATE ISSUED, ONE OF WHICH BEING ACCOMPLISHED THE OTHER TO STAND VOID

## CERTIFICATE OF INSURANCE

STARR INDEMNITY & LIABILITY COMPANY
Main Administrative Office:
399 Park Avenue, New York, NY 10022


STARR MARINE
A Member of Starr Companies

Certificate No: 2494389000015
Security No: 81487572342481995
Issued At: .
Issued On: 29 Dec 2011

This certifies that D-R Holdings (France) is insured under and subject to the conditions of Open Policy MASICHS0012US11 of the STARR INDEMNITY & LIABILITY COMPANY (Assurer), against which the interest insured hereunder has been declared.

| Insured Value | | | B/L Dated |
|---|---|---|---|
| EUR 836,000.00 - EIGHT HUNDRED THIRTY SIX THOUSAND AND 00/100 | | | 29 Dec 2011 |
| From | To | Conveyance | |
| Bielefeld, DEUTSCHLAND | Winchester, Oregon, U.S.A. | Ocean Vessel, Ludwigshafen Express, Hapag-Lloyd | |

**Description of Cargo**
Iron and Steel 1 Dresser-Rand Turbine-Generator set SErial Number 21205, Type B5S3+B7S-5, CIP Winchester OR USA.
1st Partial Delivery : 9 collies lashed on 1x40'flat Rack, 1 x 20' flat Rack, 1 x 40 HC container

| Marks and Numbers | Letter of Credit Conditions |
|---|---|
| D-R Ref. 21205, DCFP Ref. 28700 | |

**Conditions of Insurance**
Approved Goods and Merchandise, Except while on deck of ocean vessel subject to an on-deck bill of lading: Against all risks of physical loss or damage from external cause, irrespective of percentage, but excluding those risks excepted by the Free of Capture and Seizure and Strikes, Riots and Civil Commotions warranties, unless otherwise specially noted hereon.
While on deck of ocean vessel subject to an on-deck bill of lading; Warranted free of particular average unless caused by the stranding, sinking, burning or collision of the vessel; but to pay the insured value of any merchandise or goods jettisoned or washed overboard, irrespective of percentage.
Against all risks of physical loss or damage from any external cause irrespective of percentage, excepting risks excluded by the FC&S (Free of Capture and Seizure) and SR&CC (Strikes, Riots, and Civil Commotions) Warranties appearing elsewhere in this policy.
Including always the risks of jettison and/or loss or washing overboard.
$100,000 deductible Anyone accident or occurrence, however excluding General Average and Salvage Charges.

**Loss, if any, payable to D-R Holdings (France) or order.**

Upon surrender of this Certificate, which conveys the right of collecting any such loss as fully as if the property were covered by a special policy direct to the holder hereof. This Certificate is subject to all the terms of the Open Policy indicated above (hereinafter referred to as the Open Policy) provided, however, that the rights of a bona fide holder of this Certificate for value shall not be prejudiced by any terms of the Open Policy which are in conflict with the terms of this Certificate.

Any Loss or damage which may happen to the property insured under this Certificate must be reported, as soon as the goods are landed or the loss is known or expected, to the claim agent of the company, ATTACHED HERETO, the AGENCY shown above, or to the company's nearest claims settling agent

It is agreed that the practice of English Lloyd's shall be recognized as the standard for adjusting claims under this Certificate, except in the United States and its possessions.

Not valid unless countersigned

[signature]
By
Authorized Representative

[emblem] Starr Indemnity & Liability Company

[signature]
President

[signature]
General Counsel

This insurance attaches from the time the goods leave the warehouse or store at the place named herein for the commencement of the transit and continues during the ordinary course of transit, including customary transshipment, if any, until the goods are discharged overside from the overseas vessel at the final port. Thereafter the insurance continues whilst the goods are in transit or awaiting transit until delivered to final warehouse at the destination named herein or until the expiry of 15 days (or 30 days if the destination to which the goods are insured is outside the limits of the port) whichever shall first occur. The time limits referred to above to be reckoned from midnight of the day on which the discharge overside of the goods hereby insured from the overseas vessel is completed. Held covered at a premium to be arranged in the event of transshipment, if any, other than as above and/or in the event of delay in excess of the above time limits arising from circumstances beyond the control of the Assured.

NOTE: It is necessary for the Assured to give prompt notice to the Assurer when it becomes aware of an event for which it is "held covered" under the Certificate and the right to such cover is dependent on compliance with this obligation.

This insurance is subject to the following American Institute Cargo Clauses (2004):

| 1. Deviation | 3. Labels | 5. Constructive Total Loss | 7. Shore Clause | 9. F.P.A. |
|---|---|---|---|---|
| 2. Inchmaree | 4. General Average | 6. Bill of Lading | 8. Warehousing & Forwarding Charges | |

When the property insured under this Certificate includes a machine, article, interest or set consisting when complete for sale or use of several parts, then in case of loss or damage covered by this insurance to any part of such machine, article, interest or set, the Assurer shall be liable only for the proportion of the insured value of the part lost or damaged, or at the Assured's option, for the cost and expense, including labor and forwarding charges, of replacing or repairing the lost or damaged part; but in no event shall the Assurer be liable for more than the insured value of the complete machine, article, interest or set.

Whenever the words "ship", "vessel", "seaworthiness", "ship-owner", or "vessel-owner" appear, they are deemed to include also the words "aircraft", "air-worthiness", "aircraft owner", subject, however, to the Limit of Insurance and Conveyances clauses of the Open Policy.

The risks covered by this insurance include the risk of explosion, howsoever or wheresoever occurring during the currency of this insurance, unless excluded by the F.C. & S. warranty or the S.R. & C.C. warranty set forth in the Open Policy or unless proximately caused by inherent vice or nature of the subject matter insured or by the personal negligence or act of the Assured.

This insurance is subject to the "Free of Capture and Seizure" Warranty and "Strikes, Riots, and Civil Commotions Warranty" incorporated in the conditions of the Open Policy. In the event of claim under this insurance for loss of or damage to merchandise or goods upon which there is a normal or usual loss, it is hereby mutually agreed that the claim shall be adjusted and the insured value of the part or parts lost or damaged shall be arrived at in the adjustment of the claim on the basis of expected outturn, whether or not the deduction of normal loss be provided in this insurance or be a trade custom.

In case any agreement be made or accepted by the Assured with any carrier or bailee by which it is stipulated that such or any carrier or bailee shall have, in case of any loss for which the carrier or bailee may be liable, the benefit of this insurance or exemption in any manner from responsibility grounded on the fact of this insurance, then and in that event the Assurer shall be discharged of any liability for such loss hereunder.

It is a condition precedent to any action, suit or proceedings for the recovery of any claim upon, under or by virtue of this insurance that such action, suit or proceedings shall be commenced within twelve (12) months next after the date of the accident, disaster, or event causing loss of, or damage to, the insured goods or giving rise to a claim for sue and labor expenses or, in case of a claim for general average contribution, salvage or special charges, next after the date of actual payment thereof by the Assured.

*TO VALIDATE THIS CERTIFICATE OR REPORT A CLAIM, PLEASE VISIT www.StarrMarine.com*

Shipments to South America subject to 60 days South American Clause.
This insurance is subject to the Marine Extension Clauses of the Open Policy.
This insurance subject to the following current American Institute Clauses:
    Chemical, Biological, Bio-Chemical and Electromagnetic Exclusion Clause;
    Both to Blame Clause; Nuclear Exclusion Clause - Cargo;
    U.S. Economic and Trade Sanctions Clause;
    Extended Radioactive Contamination Exclusion Clause with U.S.A. Endorsement.
When covered in conjunction with the Open Policy this insurance is subject to:
    current American Institute S.R. & C.C. Endorsement,
    current American Institute War Risk Open Policy (CARGO).

### STARR MARINE AGENCY, INC.
Headquarters: 399 Park Avenue, 9th Floor,
New York, NY 10022
OTHER AFFILIATED OFFICES IN:

| ATLANTA | BOSTON | CHICAGO | HOUSTON | SAN FRANCISCO |

In the event of loss or damage, report same immediately and arrange for a survey as set forth below. Request the agent to hold a survey and issue a report or certificate stating the cause, nature and extent of the loss or damage as well as the market value of the merchandise involved had it arrived in sound condition.
A claim must be filed in writing against the agents of the vessel owners or other carriers, and if possible, before removing the goods from their custody. Failure to do so may prejudice your claim under this insurance.
If claim is presented abroad, exchange fixed by agreement at current rate on date of settlement.
When presenting a claim under this certificate, the following documents must be included:

| 1. Copy of Commercial Invoice | 3. Original Certificate of Insurance | 5. Original Survey Report |
| 2. Signed Copy of Bill of Lading | 4. Copy of claim against carrier and reply | 6. Signed Delivery Receipt |

### CLAIMS REPRESENTATIVES
Please report all claims in the first instance to:

**Global Adjusting Central Office**
VeriClaim
120 Broadway - Suite 900
New York, New York 10271
Phone: (212) 267-2700 or (800) 472-4128
Fax: (212) 406-3932
Contact: Mary Renno
Direct Line: (212) 266-4260
Email: mrenno@vericlaiminc.com

**Central United States**
VeriClaim
1833 Centre Pointe Circle, Suite 139
Naperville, Illinois 60563
Phone: (630) 245-7000
Fax: (630) 245-1920
Contact: Jack Dierdorff
Direct Line: (630) 245-7007
Email: jdierdorff@vericlaiminc.com

**Western United States**
VeriClaim
700 South Flower Street-Suite 2310
Los Angeles, California 90017
Phone: (213) 943-5000
Fax: (213) 943-5050
Contact: Chuck Colella
Direct Line: (213) 943-5067
Email: ccolella@vericlaiminc.com

As an alternative, new claims may be reported electronically to http://www.starrmarine.com (Phone: (646) 227-6300)

*No survey will be necessary for losses less than $5,000 unless deemed appropriate by VeriClaim New York Headquarters.*

If you are unable to contact the claims representatives above or if local representation is required, please contact the following claims representative at destination:

Susie Murry
Vericlaim (Western USA)
700 South Flower Street Suite 2310, Los Angeles, California
U.S.A. 90017-4233
(213) 943-5000   (213) 943-5050

For a complete list of Claims Representatives please visit www.starrmarine.com

**DUPLICATE**

ORIGINAL AND DUPLICATE ISSUED, ONE OF WHICH BEING ACCOMPLISHED THE OTHER TO STAND VOID

## CERTIFICATE OF INSURANCE

STARR INDEMNITY & LIABILITY COMPANY
Main Administrative Office:
399 Park Avenue, New York, NY 10022



Certificate No: 2494389000015
Security No: 81487572342481995
Issued At: .
Issued On: 29 Dec 2011

This certifies that **D-R Holdings (France)** is insured under and subject to the conditions of Open Policy **MASICHS00012US11** of the STARR INDEMNITY & LIABILITY COMPANY (Assurer), against which the interest insured hereunder has been declared.

| Insured Value | | | B/L Dated |
|---|---|---|---|
| EUR 836,000.00 - EIGHT HUNDRED THIRTY SIX THOUSAND AND 00/100 | | | 29 Dec 2011 |
| **From** Bielefeld, DEUTSCHLAND | **To** Winchester, Oregon, U.S.A. | **Conveyance** Ocean Vessel, Ludwigshafen Express, Hapag-Lloyd | |

**Description of Cargo**
Iron and Steel 1 Dresser-Rand Turbine-Generator set SErial Number 21205, Type B5S3+B7S-5, CIP Winchester OR USA.
1st Partial Delivery : 9 collies lashed on 1x40'flat Rack, 1 x 20' flat Rack, 1 x 40 HC container

| Marks and Numbers | Letter of Credit Conditions |
|---|---|
| D-R Ref. 21205, DCFP Ref. 28700 | |

**Conditions of Insurance**
Approved Goods and Merchandise, Except while on deck of ocean vessel subject to an on-deck bill of lading: Against all risks of physical loss or damage from external cause, irrespective of percentage, but excluding those risks excepted by the Free of Capture and Seizure and Strikes, Riots and Civil Commotions warranties, unless otherwise specially noted hereon.
While on deck of ocean vessel subject to an on-deck bill of lading: Warranted free of particular average unless caused by the stranding, sinking, burning or collision of the vessel; but to pay the insured value of any merchandise or goods jettisoned or washed overboard, irrespective of percentage.
Against all risks of physical loss or damage from any external cause irrespective of percentage, excepting risks excluded by the FC&S (Free of Capture and Seizure) and SR&CC (Strikes, Riots, and Civil Commotions) Warranties appearing elsewhere in this policy.
including always the risks of jettison and/or loss or washing overboard.
$100,000 deductible Anyone accident or occurrence, however excluding General Average and Salvage Charges.

## Loss, if any, payable to D-R Holdings (France) or order.

Upon surrender of this Certificate, which conveys the right of collecting any such loss as fully as if the property were covered by a special policy direct to the holder hereof. This Certificate is subject to all the terms of the Open Policy indicated above (hereinafter referred to as the Open Policy) provided, however, that the rights of a bona fide holder of this Certificate for value shall not be prejudiced by any terms of the Open Policy which are in conflict with the terms of this Certificate.
Any Loss or damage which may happen to the property insured under this Certificate shall be reported, as soon as the goods are landed or the loss is known or expected, to the claim agent of the company, ATTACHED HERETO, the AGENCY above, or to the company's nearest claims settling agent
It is agreed that the practice of English Lloyd's shall be recognized as the standard for adjusting claims under this Certificate, except in the United States and its possessions.

Not valid unless countersigned

By _Lynn Blaine_
**Authorized Representative**

Starr Indemnity & Liability Company

_signature_
**President**

_Honora Keane_
**General Counsel**

This insurance attaches from the time the goods leave the warehouse or store at the place named herein for the commencement of the transit and continues during the ordinary course of transit, including customary transshipment, if any, until the goods are discharged overside from the overseas vessel at the final port. Thereafter the insurance continues whilst the goods are in transit or awaiting transit until delivered to final warehouse at the destination named herein or until the expiry of 15 days (or 30 days if the destination to which the goods are insured is outside the limits of the port) whichever shall first occur. The time limits referred to above to be reckoned from midnight of the day on which the discharge overside of the goods hereby insured from the overseas vessel is completed. Held covered at a premium to be arranged in the event of transshipment, if any, other than as above and/or in the event of delay in excess of the above time limits arising from circumstances beyond the control of the Assured.
NOTE: It is necessary for the Assured to give prompt notice to the Assurer when it becomes aware of an event for which it is "held covered" under the Certificate and the right to such cover is dependent on compliance with this obligation.
This insurance is subject to the following American Institute Cargo Clauses (2004):

| | | | | |
|---|---|---|---|---|
| 1. Deviation | 3. Labels | 5. Constructive Total Loss | 7. Shore Clause | 9. F.P.A. |
| 2. Inchmaree | 4. General Average | 6. Bill of Lading | 8. Warehousing & Forwarding Charges | |

When the property insured under this Certificate includes a machine, article, interest or set consisting when complete for sale or use of several parts, then in case of loss or damage covered by this insurance to any part of such machine, article, interest or set, the Assurer shall be liable only for the proportion of the insured value of the part lost or damaged, or at the Assured's option, for the cost and expense, including labor and forwarding charges, of replacing or repairing the lost or damaged part; but in no event shall the Assurer be liable for more than the insured value of the complete machine, article, interest or set.
Whenever the words "ship", "vessel", "seaworthiness", "ship-owner", or "vessel-owner" appear, they are deemed to include also the words "aircraft", "air-worthiness", "aircraft owner", subject, however, to the Limit of Insurance and Conveyances clauses of the Open Policy.
The risks covered by this insurance include the risk of explosion, howsoever or wheresoever occurring during the currency of this insurance, unless excluded by the F.C. & S. warranty or the S.R. & C.C. warranty set forth in the Open Policy except as covered by inherent vice or nature of the subject matter insured or by the personal negligence or act of the Assured.
This insurance is subject to the "Free of Capture and Seizure" Warranty and "Strikes, Riots, and Civil Commotions Warranty" incorporated in the conditions of the Open Policy. In the event of claim under this insurance for loss of or damage to merchandise or goods upon which there is a normal or usual loss, it is hereby mutually agreed that the claim shall be adjusted and the insured value of the part or parts lost or damaged shall be arrived at in the adjustment of the claim on the basis of expected outturn, whether or not the deduction of normal loss be provided in this insurance or be a trade custom.
In case any agreement be made or accepted by the Assured with any carrier or bailee by which it is stipulated that such or any carrier or bailee shall have, in case of any loss for which the carrier or bailee may be liable, the benefit of this insurance or exemption in any manner from responsibility grounded on the fact of this insurance, then and in that event the Assurer shall be discharged of any liability for such loss hereunder.
It is a condition precedent to any action, suit or proceedings for the recovery of any claim upon, under or by virtue of this insurance that such action, suit or proceedings shall be commenced within twelve (12) months next after the date of the accident, disaster, or event causing loss of, or damage to, the insured goods or giving rise to a claim for sue and labor expenses or, in case of a claim for general average contribution, salvage or special charges, next after the date of actual payment thereof by the Assured.

*TO VALIDATE THIS CERTIFICATE OR REPORT A CLAIM, PLEASE VISIT www.StarrMarine.com*

Shipments to South America subject to 60 days South American Clause.
This insurance is subject to the Marine Extension Clauses of the Open Policy.
This insurance subject to the following current American Institute Clauses:
    Chemical, Biological, Bio-Chemical and Electromagnetic Exclusion Clause;
    Both to Blame Clause; Nuclear Exclusion Clause - Cargo;
    U.S. Economic and Trade Sanctions Clause;
    Extended Radioactive Contamination Exclusion Clause with U.S.A. Endorsement.
When covered in conjunction with the Open Policy this insurance is subject to:
    current American Institute S.R. & C.C. Endorsement,
    current American Institute War Risk Open Policy (CARGO).

### STARR MARINE AGENCY, INC.
Headquarters: 399 Park Avenue, 9th Floor,
New York, NY 10022
OTHER AFFILIATED OFFICES IN:

| ATLANTA | BOSTON | CHICAGO | HOUSTON | SAN FRANCISCO |

In the event of loss or damage, report same immediately and arrange for a survey as set forth below. Request the agent to hold a survey and issue a report or certificate stating the cause, nature and extent of the loss or damage as well as the market value of the merchandise involved had it arrived in sound condition.
A claim must be filed in writing against the agents of the vessel owners or other carriers, and if possible, before removing the goods from their custody. Failure to do so may prejudice your claim under this insurance.
If claim is presented abroad, exchange fixed by agreement at current rate on date of settlement.
When presenting a claim under this certificate, the following documents must be included:

1. Copy of Commercial Invoice
2. Signed Copy of Bill of Lading
3. Original Certificate of Insurance
4. Copy of claim against carrier and reply
5. Original Survey Report
6. Signed Delivery Receipt

### CLAIMS REPRESENTATIVES
Please report all claims in the first instance to:

**Global Adjusting Central Office**
VeriClaim
120 Broadway - Suite 900
New York, New York 10271
Phone: (212) 267-2700 or (800) 472-4128
Fax: (212) 406-3932
Contact: Mary Ranno
Direct Line: (212) 266-4260
Email: mranno@vericlaiminc.com

**Central United States**
VeriClaim
1833 Centre Pointe Circle, Suite 139
Naperville, Illinois 60563
Phone: (630) 245-7000
Fax: (630) 245-1920
Contact: Jack Dierdorff
Direct Line: (630) 245-7007
Email: jdierdorff@vericlaiminc.com

**Western United States**
VeriClaim
700 South Flower Street-Suite 2310
Los Angeles, California 90017
Phone: (213) 943-5000
Fax: (213) 943-5050
Contact: Cheok Colalla
Direct Line: (213) 943-5067
Email: ccolalla@vericlaiminc.com

As an alternative, new claims may be reported electronically to http://www.starrmarine.com (Phone: (646) 227-6300)

*No survey will be necessary for losses less than $5,000 unless deemed appropriate by VeriClaim New York Headquarters.*

If you are unable to contact the claims representatives above or if local representation is required, please contact the following claims representative at destination:

Susie Murry
Vericlaim (Western USA)
700 South Flower Street Suite 2310, Los Angeles, California
U.S.A. 90017-4233
(213) 943-5000   (213) 943-5050

For a complete list of Claims Representatives please visit www.starrmarine.com

COPY

## CERTIFICATE OF INSURANCE
**STARR INDEMNITY & LIABILITY COMPANY**
Main Administrative Office:
399 Park Avenue, New York, NY 10022


STARR MARINE
A Member of Starr Companies

Certificate No: 2494389000015
Security No: 81487572342481995
Issued At: .
Issued On: 29 Dec 2011

This certifies that D-R Holdings (France) is insured under and subject to the conditions of Open Policy MASICHS0012US11 of the STARR INDEMNITY & LIABILITY COMPANY (Assurer), against which the interest insured hereunder has been declared.

| Insured Value | | | B/L Dated |
|---|---|---|---|
| EUR 836,000.00 - EIGHT HUNDRED THIRTY SIX THOUSAND AND 00/100 | | | 29 Dec 2011 |

| From | To | Conveyance |
|---|---|---|
| Bielefeld, DEUTSCHLAND | Winchester, Oregon, U.S.A. | Ocean Vessel, Ludwigshafen Express, Hapag-Lloyd |

**Description of Cargo**
Iron and Steel 1 Dresser-Rand Turbine-Generator set SErial Number 21205, Type B5S3+B7S-5, CIP Winchester OR USA.
1st Partial Delivery : 9 collies lashed on 1x40'flat Rack, 1 x 20' flat Rack, 1 x 40 HC container

| Marks and Numbers | Letter of Credit Conditions |
|---|---|
| D-R Ref. 21205,<br>DCFP Ref. 28700 | |

**Conditions of Insurance**
Approved Goods and Merchandise. Except while on deck of ocean vessel subject to an on-deck bill of lading; Against all risks of physical loss or damage from external cause, irrespective of percentage, but excluding those risks excepted by the Free of Capture and Seizure and Strikes, Riots and Civil Commotions warranties, unless otherwise specially noted hereon.
While on deck of ocean vessel subject to an on-deck bill of lading; Warranted free of particular average unless caused by the stranding, sinking, burning or collision of the vessel; but to pay the insured value of any merchandise or goods jettisoned or washed overboard, irrespective of percentage.
Against all risks of physical loss or damage from any external cause irrespective of percentage, excepting risks excluded by the FC&S (Free of Capture and Seizure) and SR&CC (Strikes, Riots, and Civil Commotions) Warranties appearing elsewhere in this policy.
Including always the risks of jettison and/or loss or washing overboard.
$100,000 deductible Anyone accident or occurrence, however excluding General Average and Salvage Charges.

### Loss, if any, payable to D-R Holdings (France) or order.

Upon surrender of this Certificate, which conveys the right of collecting any such loss as fully as if the property were covered by a special policy direct to the holder hereof. This Certificate is subject to all the terms of the Open Policy indicated above (hereinafter referred to as the Open Policy) provided, however, that the rights of a bona fide holder of this Certificate for value shall not be prejudiced by any terms of the Open Policy which are in conflict with the terms of this Certificate.
Any Loss or damage which may happen to the property insured under this Certificate shall be reported, as soon as the goods are landed or the loss is known or expected, to the claim agent of the company, ATTACHED HERETO, the AGENCY shown above, or to the company's nearest claims settling agent
It is agreed that the practice of English Lloyd's shall be recognised as the standard for adjusting claims under this Certificate, except in the United States and its possessions.

This insurance attaches from the time the goods leave the warehouse or store at the place named herein for the commencement of the transit and continues during the ordinary course of transit, including customary transshipment, if any, until the goods are discharged overside from the overseas vessel at the final port. Thereafter the insurance continues whilst the goods are in transit or awaiting transit until delivered to final warehouse at the destination named herein or until the expiry of 15 days (or 30 days if the destination to which the goods are insured is outside the limits of the port) whichever shall first occur. The time limits referred to above to be reckoned from midnight of the day on which the discharge overside of the goods hereby insured from the overseas vessel is completed. Held covered at a premium to be arranged in the event of transshipment, if any, other than as above and/or in the event of delay in excess of the above time limits arising from circumstances beyond the control of the Assured.
NOTE: It is necessary for the Assured to give prompt notice to the Assurer when it becomes aware of an event for which it is "held covered" under the Certificate and the right to such cover is dependent on compliance with this obligation.
This insurance is subject to the following American Institute Cargo Clauses (2004):

| 1. Deviation | 3. Labels | 5. Constructive Total Loss | 7. Shore Clause | 9. F.P.A. |
|---|---|---|---|---|
| 2. Inchmaree | 4. General Average | 6. Bill of Lading | 8. Warehousing & Forwarding Charges | |

When the property insured under this Certificate includes a machine, article, interest or set consisting when complete for sale or use of several parts, then in case of loss or damage covered by this insurance to any part of such machine, article, interest or set, the Assurer shall be liable only for the proportion of the insured value of the part lost or damaged, or at the Assured's option, for the cost and expense, including labor and forwarding charges, of replacing or repairing the lost or damaged part; but in no event shall the Assurer be liable for more than the insured value of the complete machine, article, interest or set.
Whenever the words "ship", "vessel", "seaworthiness", "ship-owner", or "vessel-owner" appear, they are deemed to include also the words "aircraft", "air-worthiness", "aircraft owner", subject, however, to the Limit of Insurance and Conveyances clauses of the Open Policy.
The risks covered by this insurance include the risk of explosion, howsoever or wheresoever occurring during the currency of this insurance, unless excluded by the F.C. & S. warranty or the S.R. & C.C. warranty set forth in the Open Policy or unless proximately caused by inherent vice or nature of the subject matter insured or by the personal negligence or act of the Assured.
This insurance is subject to the "Free of Capture and Seizure" Warranty and "Strikes, Riots, and Civil Commotions Warranty" incorporated in the conditions of the Open Policy. In the event of claim under this insurance for loss of or damage to merchandise or goods upon which there is a normal or usual loss, it is hereby mutually agreed that the claim shall be adjusted and the insured value of the part or parts lost or damaged shall be arrived at in the adjustment of the claim on the basis of expected outturn, whether or not the deduction of normal loss be provided in this insurance or be a trade custom.
In case any agreement be made or accepted by the Assured with any carrier or bailee by which it is stipulated that such or any carrier or bailee shall have, in case of any loss for which the carrier or bailee may be liable, the benefit of this insurance or exemption in any manner from responsibility grounded on the fact of this insurance, then and in that event the Assurer shall be discharged of any liability for such loss hereunder.
It is a condition precedent to any action, suit or proceedings for the recovery of any claim upon, under or by virtue of this insurance that such action, suit or proceedings shall be commenced within twelve (12) months next after the date of the accident, disaster, or event causing loss of, or damage to, the insured goods or giving rise to a claim for sue and labor expenses or, in case of a claim for general average contribution, salvage or special charges, next after the date of actual payment thereof by the Assured.
Shipments to South America subject to 60 days South American Clause.
This insurance is subject to the Marine Extension Clauses of the Open Policy.
This insurance subject to the following current American Institute Clauses:
      Chemical, Biological, Bio-Chemical and Electromagnetic Exclusion Clause;
      Both to Blame Clause; Nuclear Exclusion Clause - Cargo;
      U.S. Economic and Trade Sanctions Clause;
      Extended Radioactive Contamination Exclusion Clause with U.S.A. Endorsement.

*TO VALIDATE THIS CERTIFICATE OR REPORT A CLAIM, PLEASE VISIT www.StarrMarine.com*

When covered in conjunction with the Open Policy this insurance is subject to:
current American Institute S.R. & C.C. Endorsement,
current American Institute War Risk Open Policy (CARGO).

## STARR MARINE AGENCY, INC.
Headquarters: 399 Park Avenue, 9th Floor,
New York, NY 10022
OTHER AFFILIATED OFFICES IN:

| ATLANTA | BOSTON | CHICAGO | HOUSTON | SAN FRANCISCO |

In the event of loss or damage, report same immediately and arrange for a survey as set forth below. Request the agent to hold a survey and issue a report or certificate stating the cause, nature and extent of the loss or damage as well as the market value of the merchandise involved had it arrived in sound condition.
A claim must be filed in writing against the agents of the vessel owners or other carriers, and if possible, before removing the goods from their custody. Failure to do so may prejudice your claim under this insurance.

If claim is presented abroad, exchange fixed by agreement at current rate on date of settlement.

When presenting a claim under this certificate, the following documents must be included:
1. Copy of Commercial Invoice
2. Signed Copy of Bill of Lading
3. Original Certificate of Insurance
4. Copy of claim against carrier and reply
5. Original Survey Report
6. Signed Delivery Receipt

### CLAIMS REPRESENTATIVES
Please report all claims in the first instance to:

**Global Adjusting Central Office**
VeriClaim
120 Broadway - Suite 900
New York, New York 10271
Phone: (212) 267-2700 or (800) 472-4128
Fax: (212) 406-3932
Contact: Mary Ranno
Direct Line: (212) 266-4260
Email: mranno@vericlaiminc.com

**Central United States**
VeriClaim
1833 Centre Pointe Circle, Suite 139
Naperville, Illinois 60563
Phone: (630) 245-7000
Fax: (630) 245-1920
Contact: Jack Dierdorff
Direct Line: (630) 245-7007
Email: jdierdorff@vericlaiminc.com

**Western United States**
VeriClaim
700 South Flower Street-Suite 2310
Los Angeles, California 90017
Phone: (213) 943-5000
Fax: (213) 943-5050
Contact: Chuck Colella
Direct Line: (213) 943-5067
Email: ccolella@vericlaiminc.com

As an alternative, new claims may be reported electronically to http://www.starrmarine.com (Phone: (646) 227-6300)

*No survey will be necessary for losses less than $5,000 unless deemed appropriate by VeriClaim New York Headquarters.*

If you are unable to contact the claims representatives above or if local representation is required, please contact the following claims representative at destination:

Susie Murry
Vericlaim (Western USA)
700 South Flower Street Suite 2310, Los Angeles, California
U.S.A. 90017-4233
(213) 943-5000     (213) 943-5050

For a complete list of Claims Representatives please visit www.starrmarine.com